AYRES, Judge.
Plaintiffs, Monterie Snoddy and Mrs. Mildred Burrow Fain, seek to enjoin alleged violations of certain restrictive covenants applicable to Merrywoods Subdivision, Unit Four, in Bossier Parish. Made defendants were Merrywoods Baptist Church and its minister, Lynn Mayall. Snoddy is the owner of Lot 4 and Mrs. Fain of Lot 48, and the church of Lots 1, 2, 3, and 49 of the subdivision.
The trial court sustained an exception of no cause of action as to defendant Lynn Mayall but enjoined the church from playing loud music from a truck on Lots 1 and 2 of the subdivision. A plea of prescription urged by the defendants was also sustained and, by reason thereof or because of the insufficiency of the evidence to sustain plaintiffs’ other demands, such demands were rejected. Plaintiffs devolutively appealed.
Errors in the trial court assigned by plaintiffs are (1) the failure to enjoin the defendant church from (a) conducting a private school on Lot 3, (b) using Lot 3 as a meeting and eating place for bus drivers, (c) using Lot 3 as a recreation center, and (d) using the parsonage on Lot 3 for general Sunday School classes and activities —all allegedly in violation of the residential area covenants; (2) the failure to enjoin the use of Lots 1 and 2 for parking buses and trucks in excess of 54 ton; (3) the failure to enjoin the stopping up of a drainage ditch adjoining Lot 49 which allegedly causes flooding on Lot 48; and (4) suggesting and granting a continuance and allowing additional witnesses, as to the issue of prescription, after defendants had rested their case.
The defendants contend that not all of the alleged violations are inimical to the restrictive covenants and further that all alleged violations are free from the application of the provisions of the covenants by *397 liberative prescription as provided in Louisiana Revised Statute 9:5622 which states:
“A. Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated.
* * * ”
The building restrictions and covenants introduced into evidence prohibit trucks with tonnage in excess of 24 ton to park on the streets, driveways, or lots overnight. Defendants stipulated at the trial that a ministerial truck and buses were parked on Lots 1, 2, and 49. The testimony of Reverend Mayall that the buses had been parked on these lots for more than three years prior to the filing of this suit is not disputed by plaintiffs, nor can it be argued by plaintiffs that they lacked earlier knowledge of this complained of activity as the truck and buses are obvious and visible. It is apparent that the applicable two-year liberative prescription had run and the plea of prescription by defendants to this activity was properly sustained.
The evidence as to the stopping up of the drainage is inconclusive and insufficient to establish that any activity on Lot 49 actually interferes with the natural drainage on Lot 48 or, if such has been established, that it is in violation of any restrictive covenant or, further, that the defendant church and not the Police Jury is responsible for the interference. Nor has it been adequately shown that injunctive relief is proper as to this matter. We therefore find that demands in this regard are properly rejected.
With respect to the violations charged concerning the use of Lot 3, the applicable restrictive covenant provides that no lot shall be used except for residential purposes. By a subsequent act of all the owners of lots in the subdivision, the restrictions were amended to provide that Lots 1 and 2 might be used for the location of a church for religious services, but that all other provisions of the original building restrictions and protective covenants were to remain in effect.
The aforementioned applicable two-year liberative-prescription statute states that the prescriptive period will begin to run from the violation. The point in time when Lot 3 ceased to be used for a residential purpose is the violation determinative of the running of prescription.
The record indicates that the parsonage of the church was maintained on Lot 3, clearly a residential purpose, until sometime in July of 1972 when Reverend Mayall and his family moved to another home. We therefore conclude that even though an occasional church social or Sunday School class met at the parsonage prior to the two-year period immediately preceding the institution of this action, the primary use was as the parsonage, a use residential in nature. Prescription did not begin to run until the Reverend Mayall moved out of the parsonage and into his new residence, which was within the two-year prescriptive period by several months.
The record further indicates that after Reverend Mayall moved out of the parsonage, it was converted to an educational and recreational facility for church expansion purposes. Defendants stipulated that a private school was conducted on Lot 3 beginning in September of 1973, but for one year only. This activity was well within the two-year prescriptive period.
We find that the applicable prescriptive period had not run on Lot 3 so as to free it from the restriction limiting its use to residential purposes. Having so concluded, it is unnecessary to enter into a discussion as to whether the trial judge may have abused his discretion or whether *398 he committed an error in granting the complaint of the continuance. The restrictive covenant limiting the use of Lot 3 in Merrywoods Subdivision to a residential purpose is, for the above reasons, in full force and effect.
The judgment of the trial court is therefore amended, and accordingly the Merry-woods Baptist Church is hereby enjoined from conducting any activities on Lot 3 not of a residential purpose, such as, but not limited to, conducting a private school thereon and using the former parsonage on Lot 3 for general Sunday School purposes.
The judgment as thus amended is affirmed at defendants-appellees’ costs.